UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-MC-60202-SMITH/VALLE

MATTHEW ORSO, as successor trustee to
Kenneth D. Bell as court-ordered receiver
for Rex Venture Group, LLC,
d/b/a ZeekRewards.com,

    Plaintiff,

v.

STEPHANIE JOSETTI,

    Defendant/Judgment Debtor,

v.

WELLS FARGO BANK, N.A.,

    Garnishee.

_____

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Plaintiff Nationwide Judgment Recovery, Inc.'s (as assignee of Plaintiff Matthew Orso) Motion for Final Judgment in Garnishment as to Garnishee Wells Fargo Bank, N.A. (ECF No. 14) (the "Motion"). United States District Judge Rodney Smith has referred the Motion to the undersigned for appropriate disposition. (ECF Nos. 5, 25). Having reviewed the Motion, and being otherwise duly advised in the matter, the undersigned recommends that the Motion be **GRANTED** for the reasons discussed below.

### I. BACKGROUND

On August 14, 2017, the United States District Court for the Western District of North Carolina entered a Final Judgment in favor of Plaintiff against each individual member of a Defendant class, including Stephanie Josetti ("Defendant/Judgment Debtor"). *See generally* (ECF No. 1). On January 27, 2021, the judgment was registered with this Court. *Id.* Thereafter, Plaintiff moved for a writ of

garnishment against Wells Fargo Bank N.A. ("Wells Fargo"), believing that it possessed and controlled monies or property belonging to Defendant/Judgment Debtor sufficient to satisfy the judgment in whole or in part. *See generally* (ECF No. 4).

On May 7, 2021, the Court issued the writ of garnishment on Wells Fargo Bank. (ECF No. 7). Thereafter, Garnishee filed its Answer to the writ, disclosing that at the time of service of the writ of garnishment, Wells Fargo, was indebted to Defendant/Judgment Debtor in the amount of $1,783.51. (ECF Nos. 10 at 2, 14 at 2). On May 21, 2021, pursuant to Fla. Stat. § 77.055, Plaintiff gave notice to Defendant/Judgment Debtor of the Answer. (ECF Nos. 13, 14 at 2). The notice advised Defendant/Judgment Debtor that it must move to dissolve the writ of garnishment within 20 days after the date of service. To date, however, Defendant/Judgment Debtor has not responded to the writ of garnishment or Answer.

## II.   DISCUSSION

Collection of money judgments in federal court is governed by state law. *See* Fed. R. Civ. P. 69; *see also Orso as Tr. to Bell v. Rovenger*, No. 21-MC-8-JSM-PRL, 2021 WL 5310971, at *1 (M.D. Fla. Oct. 28, 2021). Chapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of garnishment. *Rovenger*, 2021 WL 5310931, at *1. Florida law requires garnishment statutes to be strictly construed. *Allen v. Robert F. DeLuca, M.D., P.A.*, 18-CV-81265, 2020 WL 1832323, at *2 (S.D. Fla. Mar. 25, 20202), *report and recommendation adopted*, 18-CV-81265, 2020 WL 1828510 (S.D. Fla. Apr. 13, 2020) (citation omitted).

Wells Fargo's Answer to the writ lists the amount it held from Defendant/Judgment Debtor after the writ of garnishment was served and before its Answer. *See generally* (ECF No. 10). Because Defendant/Judgment Debtor has not moved to dissolve the writ of garnishment, Plaintiff requests entry of a final judgment of garnishment against Wells Fargo in the amount of $1,783.51. (ECF No. 14 at 3). Defendant/Judgment Debtor has not responded, objected, or moved to dissolve the writ within the 20

days allowed by § 77.055.[1]  Thus, Plaintiff has met the statutory requirements for a judgment of garnishment.

### III.   RECOMMENDATION

Accordingly, the undersigned **RECOMMENDS** that the Motion for Final Judgment in Garnishment as to Wells Fargo (ECF No. 14) be **GRANTED**.

Within **seven (7) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2021); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 11th day of July, 2022.

_____
ALICIA O. VALLE
UNITED STAGES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
    All Counsel of Record

---

[1] Fla. Stat. § 77.055 provides, in relevant part, that within five days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired, the plaintiff shall serve, by mail, a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue.